Alvin C. COPELAND

v.

AMERICA'S FAVORITE CHICKEN COMPANY, et al.

Civ.A. No. 92–3961.

United States District Court, E.D. Louisiana.

May 4, 1995.

Benjamin Richard Slater, III, Mark Edward Van Horn, Donald J. Miester, Jr., Slater Law Firm, New Orleans, LA, for Alvin C. Copeland.

Judy Perry Martinez, Robert L. Redfearn, Simon, Peragine, Smith & Redfearn, New Orleans, LA, David F. Graham, Holly A. Harrison, Henry L. Mason, III, Sidley & Austin, Chicago, IL, Thomas E. O'Keefe, SpeeDee Oil Change & Tune–Up, General Counsel, Madisonville, LA, for America's Favorite Chicken Co.

Elizabeth Jones Futrell, R. Patrick Vance, Jones, Walker, Waechter, Poitevent, Carrere & Dehegre, New Orleans, LA, David F. Graham, Holly A. Harrison, Henry L. Mason, III, Sidney & Austin, Renee Williams Masinter, Entergy Services, Inc., New Orleans, LA, for Canadian Imperial Bank of Commerce.

William R. Forrester, Jr., Thomas Mente Benjamin, Lemle & Kelleher, New Orleans, LA, Dennis P. Orr, Andrew P. Karamouzis, John D. Morrison, Jr., Shearman & Sterling, New York City, for Merrill Lynch & Co., Inc.

## ORDER AND REASONS

JONES, District Judge.

Pending before the Court is "Defendant Merrill Lynch & Co., Inc.'s Motion for Reconsideration or to Alter or Amend Judgment or, in the Alternative, for New Trial" and its "Amended Motion" adopting and incorporating the same arguments as the previous motion. Having considered the memoranda of the parties, the record and the applicable law, the Court DENIES the motions.

### Background

Plaintiff Alvin C. Copeland filed this lawsuit in October 1992 against Merrill Lynch & Co. (hereinafter "Merrill Lynch"), Canadian Imperial Bank of Commerce (hereinafter "CIBC") and America's Favorite Chicken Company (hereinafter "AFCC"). Copeland sought declaratory judgment as to invalidity of a "Recipe Royalty Agreement" into which Copeland had entered with Al Copeland Enterprises, Inc. (hereinafter "ACE"). (Attachment to R.Doc. 1.) According to the lawsuit, Copeland had executed the Recipe Royalty Agreement at the direction of Merrill Lynch and CIBC, which had provided loans to ACE for purchase of Church's Fried Chicken. *Id.*

Copeland alleged that due to certain actions or inactions on the part of Merrill Lynch and CIBC, the acquisition of Church's Fried Chicken failed and ACE filed an involuntary bankruptcy. *Id.* As a result of the bankruptcy, a new company, AFCC, would be the successor to ACE. *Id.* Thus, according to the lawsuit, by operation of law the termination date in the Recipe Royalty Agreement occurred. *Id.* Alternatively, through the conduct of Merrill Lynch, CIBC and AFCC, the Recipe Royalty Agreement became null and void. *Id.*

Subsequently, in a letter agreement dated June 13, 1994, the executive vice president of AFCC and Copeland entered into a settlement of the present case. (Attachment to Merrill Lynch's original motion to enforce settlement, R.Doc. 53.)

CIBC and AFCC, on the one hand, and Merrill Lynch, on the other hand, brought motions to enforce the settlement agreement and dismiss this case with prejudice. (R.Docs. 51 and 53.) Copeland did not oppose dismissal with prejudice of CIBC and AFCC. (R.Doc. 54.) However, Copeland, opposed dismissal of the lawsuit against Merrill Lynch with prejudice, arguing that the settlement negotiations did not contemplate that the compromise would include Merrill Lynch. *Id.* Alternatively, Copeland requested that the Court dismiss the matter against Merrill Lynch with prejudice but reserve his right to pursue Merrill Lynch in current collateral litigation, including "Alvin C. Copeland et al v. Merrill Lynch & Co., et al," C.A. No. 92–570, Section "S" (hereinafter the "Lender Liability lawsuit").

At oral argument on the motions to enforce settlement, counsel for Copeland stated that Copeland had no intention of relitigating the Recipe Royalty Agreement and that Copeland would not oppose a dismissal with prejudice against Merrill Lynch in the instant case if Copeland's rights to proceed in the Lender Liability lawsuit were preserved.

(Transcript of hearing, pp. 8–9, attached to Merrill Lynch's instant motion, R.Doc. 60.)

The Court ruled following oral argument, that, although Merrill Lynch failed to carry its burden of establishing its involvement in this agreement, it would order that the matter be dismissed with prejudice as to AFCC, CIBC *and* Merrill Lynch, reserving Copeland's right to proceed against Merrill Lynch in the Lender Liability lawsuit. *Id.* at 22.

An order in accord with that holding was entered (R.Doc. 57), as was a judgment. (R.Doc. 59.)

In the present motions Merrill Lynch asks the Court to reconsider its holding and/or for a new trial pursuant to Fed.R.Civ.P. 59(a).[1] Merrill Lynch argues that it was an intended third-party beneficiary under the agreement and/or that the Court improperly amended the settlement agreement. Copeland counters that the issue is not whether Merrill Lynch was a third-party to the settlement agreement but whether the agreement's terms provided for dismissal of the Lender Liability lawsuit as well as the present action. Further, Copeland argues, the Court did not amend the settlement agreement but interpret it as excluding the Lender Liability lawsuit.

The Court also takes note of the supplemental affidavit of Samuel Frankel, general counsel of AFCC, filed for purposes of the present motion by CIBC and AFCC. (R.Doc. 68.) The affidavit states that although Merrill Lynch was not a party to the settlement agreement and paid no consideration in connection with the agreement, the agreement was intended to "put and end to any pending or potential challenges by plaintiff against *any* person regarding the alleged invalidity, unenforceability or termination of the Recipe Royalty Agreement." *Id.*, Paragraph 5. (Emphasis in original.)

The affidavit further states two other items of importance for present purposes. First, because this lawsuit concerned the Recipe Royalty Agreement, "AFCC required in the Settlement Agreement that the lawsuit be dismissed in its entirety with prejudice..., including as against Merrill [Lynch]." *Id.* Second, "the Settlement Agreement was not, however, otherwise intended (at least by AFCC) to affect pending litigation between Merrill [Lynch] and plaintiff or his affiliated companies. This was not a purpose of the Settlement Agreement or subject of negotiations at all between plaintiff and his representatives and AFCC." *Id.*, paragraph 6.

### Law and Application

■ "The Federal Rules of Civil Procedure do not recognize a 'motion for reconsideration' in *haec verba.*" *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990). In the context of a "reconsideration" of a grant of summary judgment, the court of appeals in *Lavespere* found that a motion "so denominated" should be treated as either a motion "to alter or amend" under Fed.R.Civ.P. 59(e) or a motion for "relief from judgment" under Rule 60(b). *Id.* If such a motion is filed within 10 days of entry of judgment, it is considered under Rule 59(e); if filed after that time, the motion is considered under Rule 60(b). *Id.*

Following *Lavespere*, the Court considers Merrill Lynch's motions to be filed under Rule 59(e) because both were filed within ten days after judgment was entered in this matter.[2] Under Rule 59(e), this Court "has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration." *Lavespere*, 910 F.2d at 173. "That discretion, of course, is not limitless."

Similarly, Merrill Lynch's alternative motion for a new trial is "confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36, 101 S.Ct. 188, 191, 66 L.Ed.2d 193 (1980).

---

1. The amended motion (R.Doc. 61) adopts all arguments set forth in the original motion. (R.Doc. 60.) Merrill Lynch filed the amended motion after its receipt of the Court's Minute Entry setting forth its oral ruling of March 1, 1995.

2. Judgment was entered March 15, 1995. Merrill Lynch filed its original motion on March 16 and its amended motion on March 24.

Bearing these principles in mind, the Court addresses Merrill Lynch's motion. First, although the Court stated at oral argument that Merrill Lynch had failed to carry its burden of establishing "involvement" in the agreement, the Court found that the agreement provided for Merrill Lynch's dismissal from this lawsuit with prejudice, especially in view of Copeland's lack of opposition to this position.

Thus, as Copeland correctly phrased the issue, the question is whether the agreement provided for the dismissal with prejudice of all lawsuits against Merrill Lynch by Copeland. Merrill Lynch makes two arguments in support of its position based on the following language of the settlement agreement:

Al Copeland [and his affiliated company] agree to the dismissal with prejudice of the Recipe Royalty Lawsuit by Court order, such dismissal to be subject to the terms and conditions set forth herein. Al Copeland [and his affiliated company] further covenant and agree never to file any lawsuit or make any claims against any person or property relating to the past, present or future validity or enforcement of the Recipe Royalty Agreement or to the alleged termination thereof, subject only to the exception set forth in the following sentence.[3]

(Attachment to Merrill Lynch's original motion to enforce settlement, R.Doc. 53.)

■ Merrill Lynch's first contention is that under this language, it was a third-party beneficiary of the agreement and is entitled to dismissal with prejudice without any reservation of rights. This argument is undercut factually by the supplemental affidavit of Frankel, AFCC's general counsel, which specifically states that the settlement agreement *was not* intended to cover any other "pending litigation between Merrill [Lynch] and plaintiff or his affiliated companies."

As a result, Merrill Lynch cannot meet one of the basic requirements of being a third-party beneficiary under Louisiana Civil Code Article 1978, which provides that "[a] contracting party may stipulate a benefit for a third person called a third-party beneficiary."[4] Further, "the intent of the contracting parties to stipulate a benefit in favor of a third party must be manifestly clear." *Chevron U.S.A., Inc. v. Traillour Oil Company*, 987 F.2d 1138, 1147 (5th Cir.1993) quoting *Homer Nat'l Bank v. Tri–District Development Corp.*, 534 So.2d 154, 156 (La.App. 3rd Cir.1988), *writ denied*, 536 So.2d 1236 (La. 1989).

Here, the language of the agreement relied on by Merrill Lynch does not clearly manifest the intent of the parties to confer a benefit on Merrill Lynch for the dismissal of all pending lawsuits, including both this lawsuit and the Lender Liability lawsuit. Moreover, AFCC's general counsel specifically denies that AFCC stipulated a benefit for Merrill Lynch for dismissal with prejudice of any lawsuit except the instant matter.[5] Therefore, the Court reaffirms that Merrill Lynch is only entitled to have this case dismissed with prejudice, not any other lawsuit, including the Lender Liability lawsuit.

Merrill Lynch's second argument is that this Court improperly amended the settlement agreement. The Court agrees that such action would be improper. *See United States v. City of Miami*, 614 F.2d 1322, 1330 (5th Cir.1980) ("In what can be termed ordinary litigation ... settlement of the dispute is solely in the hands of the parties. If the parties can agree to terms, they are free to settle the litigation at any time, and the court need not and should not get involved.")

However, the Court did no more than interpret the agreement between the parties according to its own terms and did not amend the agreement. This conclusion is buttressed by looking, once again, to the

---

3. Neither party argues that the exception is germane to the issue in question. Thus, it is not quoted.

4. The settlement agreement provides that its terms will be governed by Louisiana law.

5. The Court also notes that, in Copeland's affidavit filed with his original memorandum in opposition to Merrill Lynch's original motion to enforce settlement, Copeland disputed that Merrill Lynch was intended to be a third-party beneficiary in regard to this matter or any other lawsuit. (Exh. A., R.Doc. 54.)

above-quoted language of Frankel in his affidavit to the effect that the settlement did not contemplate dismissal of any other lawsuits involving Copeland and Merrill Lynch.

Therefore, for the foregoing reasons, the Court declines to exercise its discretion to reconsider its previous ruling and/or grant a new trial in this matter.

Accordingly,

IT IS ORDERED that "Defendant Merrill Lynch & Co., Inc.'s Motion for Reconsideration or to Alter or Amend the Judgment or, in the Alternative, for New Trial" and "Defendant Merrill Lynch & Co., Inc.'s Amended Motion for Reconsideration or to Alter or Amend the Judgment or, in the Alternative, for New Trial" BE and ARE HEREBY DENIED.